## Zanan v. Jack Frost Ski Lodge

*Howard Gershman,* for plaintiffs.
*William J. Dempsey,* for defendant.

WILLIAMS, *S.J.,* May 13, 1985—Plaintiffs have instituted a suit in trespass. It appears that plaintiff, Arthur J. Zanan, purchased a plan designated "Jack

Frost Ski School". The plan included ski equipment rental and a beginners ski lesson.

The form included the following release executed by Arthur Zanan:

" 'Rental Agreement, Receipt, and Release From Liability'

"I accept for use, as is, the equipment listed on this form and accept full responsibility for the care of the equipment while it is in my possession, and agree to reimburse Jack Frost Mountain Ski Shop for any loss or damage other than reasonable wear resulting from use.

"I understand that insurance coverage applies to equipment breakage only, not lost, misplaced or stolen equipment. I recognize the fact that so called safety (release) bindings furnished herewith are releasable bindings designed to reduce the risk or degree of injuries from falling and that these bindings will not release under all circumstances and are no guarantee of my safety. I recognize the fact that there is an inherent danger in the use of any ski equipment.

"I furthermore release Jack Frost Mountain Ski Shop, Jack Frost Mountain Ski Area, Nazareth Sporting Goods, Inc. and/or any employee of the foregoing from any (and all) liability for damages and injury to myself or to any person or property resulting from the use of this equipment, excepting myself the full responsibility for any and all such damages or injury."

The complaint filed by the husband-plaintiff avers that he informed the ski instructor that he was a novice and that he was taken to a "ski school slope", the type of slope used for novices in skiing. Due to the crowded condition of this slope, he was taken to a second slope which he noticed was crowded and slippery. These conditions were

brought to the attention of the instructor, who advised him that the slope was an easy one and suitable for instruction. This slope was used by others who were not novices in skiing. While executing a turn, plaintiff fell and injured a shoulder. At the time he fell, he was trying to stop to avoid hitting other skiers, not members of the instruction class.

The suit is based on the alleged negligence of defendant for:

A. Failure to safely maintain a ski slope for instruction of novice skiers.

B. Failure to give adequate warning and instruction to persons learning how to ski, and not properly attending to plaintiff, Arthur Zanan, while he was receiving instructions.

C. Failure to hire and supervise competent instructors.

D. Failure to instruct its personnel in the proper maintenance and use of the ski slope and ski equipment for instructional purposes.

E. Breach of the duty owed to plaintiff, Arthur Zanan, based on his reliance upon the purported skill and expertise of defendant's employees as ski instructors.

F. Failure to inspect the ski slope properly so as to determine whether it is safe for instructional purposes.

G. Permitting inexperienced instructors to supervise and operate a ski school.

H. Permitting a latent condition to exist which it knew or should have known involved an unreasonable risk of harm to novice skiers seeking instruction.

Defendant filed an answer to the complaint and under "new matter" pleaded the release set forth herein as a defense to plaintiff's claim for damages.

Defendant filed a motion for summary judgment and the matter is before the court on that motion.

## ISSUE

The single issue before this court is whether the release executed by the husband-plaintiff operates to discharge defendant from liability for the injuries sustained by plaintiff.

## DISCUSSION

We agree with defendant that, so far as any injury sustained by husband-plaintiff due to defective equipment furnished plaintiff by defendant, the release would be a defense and it would be entitled to a summary judgment. Zimmer v. Mitchell and Ness, 253 Pa. Super. 474, 385 A.2d 43 (1973), cited in defendant's brief.

We likewise believe that the effect of the release must be limited to the conduct of defendant stated in the release. Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199 (1967), cited in plaintiff's brief.

It is clear that the release here pleaded, applies exclusively to injuries arising out of the use of ski equipment rented by defendant to plaintiff. This suit does not allege that the injuries sustained by plaintiff were caused by such equipment. The negligence here averred relates to the selection of any icy ski slope not adaptable for use by a skiing novice and to improper instructions by defendant's ski instructor. We conclude that the release here pleaded does not operate to grant immunity to defendant as to the type of negligence alleged in the complaint.

## ORDER

And now, May 13, 1985, defendant's motion for summary judgment is denied.